IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE L. PORTALATIN, | : | CIVIL ACTION |
| | : | NO. 14-3011 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN SCI CAMPHILL, et al., | : | |
| | : | |
| Respondents. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                  June 5, 2017

Jorge Portalatin ("Petitioner") is a prisoner at the State Correctional Institution in Camp Hill, Pennsylvania. Petitioner filed a pro se application seeking relief through a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Magistrate Judge Timothy R. Rice ("Judge Rice"), finding that Petitioner's claims were untimely and not subject to equitable tolling, recommended that the Habeas Petition be dismissed with prejudice. Petitioner filed objections. For the reasons that follow, the Court will overrule Petitioner's objections and deny the Habeas Petition as untimely.

## I. BACKGROUND

On June 11, 2007, before the Court of Common Pleas of Northampton County, Petitioner pled guilty to two counts of endangering the welfare of children and one count of aggravated indecent assault on a person under the age of 13. Report & Recommendation at 1, ECF No. 3 [hereinafter R&R]. Several months later, the court sentenced Petitioner to 10 to 24 years of imprisonment. Id. Petitioner appealed to the Pennsylvania Superior Court, but later discontinued this appeal. Id.

Petitioner then filed a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). Id. On September 24, 2009, the PCRA court denied the petition, id., and the Superior Court affirmed, id. at 1-2.

On June 28, 2012, Petitioner filed a second PCRA petition. Id. at 2. This petition was also dismissed, and the dismissal was again affirmed by the Superior Court. Id. On February 10, 2014, the Pennsylvania Supreme Court denied Petitioner's request for allocatur. Id.

Petitioner filed the instant Habeas Petition on February 26, 2014. Id. Judge Rice issued a Report and Recommendation ("R&R") on June 18, 2014. ECF No. 3. On July 8, 2014, the Court, believing that Petitioner was not objecting to the R&R, approved and adopted the R&R and dismissed the Habeas Petitioner. ECF No. 5. Shortly thereafter, however, the Court

received Petitioner's Objections, ECF No. 4, and vacated its Order dismissing the Petitioner, ECF No. 6. The Habeas Petition is now again ripe for disposition.

**II. LEGAL STANDARD**

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See § 636(b)(1); E.D. Pa. R. Civ. P. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established

federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d).

**III. DISCUSSION**

The Habeas Petition asserts the following grounds for relief: (1) his interpreter was never sworn in or examined by the court as to the interpreter's qualifications; (2) the information failed to include sufficiently specific facts; (3) the sentencing court failed to explain which of two identical counts it withdrew; (4) Petitioner was denied fair notice of the charges and protection from double jeopardy due to these identical counts; (5) Petitioner was never read his Miranda rights; (6) there was no interpreter at the sentencing hearing; (7) another individual, who Petitioner seems to believe may have been the actual perpetrator, failed a polygraph test regarding sexual misconduct with children; (8) the sentencing judge expressed bias toward Petitioner; (9) there was a lack of probable cause to arrest Petitioner because he had passed his polygraph test; (10) Petitioner's sentencing occurred too many days after his guilty plea; (11) Petitioner was manipulated due to his inability to understand English; and (12) the criminal information was never signed by an attorney for the Commonwealth. ECF No. 1. Judge Rice recommended that all of

these claims be denied as untimely.

   A.   <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a strict one-year deadline for the filing of petitions under 28 U.S.C. § 2254. This statute of limitations begins to run from the latest of:

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, there is a statutory tolling period: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, as Judge Rice determined, Petitioner had

5

until October 24, 2011, to file a petition under 28 U.S.C. § 2254. See R&R at 4-5. But Petitioner did not file his Habeas Petition until February 26, 2014 – more than two years after his AEDPA deadline. Accordingly, the Habeas Petition is untimely.

Petitioner does not object to this conclusion.[1] However, he does argue that equitable tolling should apply in this case.

B. Equitable Tolling

AEDPA's one-year limitations period is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); see also Alicia v. Karestas, No. 07-3183, 2008 WL 4108056, at *3 (E.D. Pa. Aug. 28, 2008) (Robreno, J.) (citing Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)). A petitioner qualifies for equitable tolling only if he is able to prove: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at

---

[1] For the most part, Petitioner simply reiterates the alleged merits of his underlying claims. See, e.g., Objs. at 7, ECF No. 4 ("The report and recommendation fails to even begin to discredit petitioner[']s grounds, or state that they had been previously litigated or waived, instead they focus on his petition being 'untimely' and completely ignore and turn a[] blind eye to the obvious Constitutional violations."). What Petitioner does not understand is that a procedural bar like untimeliness prevents the Court from reaching the merits of his claims, unless an exception applies.

6

2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Here, Petitioner contends that he should receive the benefits of equitable tolling due to actual innocence. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [if] the impediment is . . . expiration of the statute of limitations."). However, he fails to "produce any evidence or even articulate a theory of innocence." R&R at 6. Rather, Petitioner's argument seems to be that he is innocent, and that his constitutional rights were violated in the ways set forth in his petition – not that he is innocent because of any particular evidence of his innocence. In other words, Petitioner mistakes potential evidence that his rights were violated for evidence that he is innocent. This argument is insufficient to establish his innocence for the purpose of overcoming the procedural bar of untimeliness. See McQuiggin, 133 S. Ct. at 1935 ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995))). Accordingly, Petitioner has failed to show that his petition should be subject to equitable tolling on the basis of actual innocence.

Notably, though, Petitioner suggests[2] two additional reasons for equitable tolling: his alleged mental incompetence and his inability to understand the English language. See Objs. at 8, ECF No. 4. The Third Circuit has recognized that, under certain circumstances, mental incompetence and inability to understand English can both "constitute extraordinary circumstances that trigger equitable tolling." Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir. 2011).

As to mental incompetence, a petitioner must show that "the alleged mental incompetence [has] somehow [] affected the petitioner's ability to file a timely habeas petition." Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001). Here, Petitioner alleges only that he "is and has been on Social Security for his mental issues, one of which is he had attended Special Education in school." Objs. at 6. Petitioner does not explain how these allegations, if true, rendered him unable to file a timely habeas petition. Rather, he simply contends that these issues necessarily constitute extraordinary circumstances that are sufficient to justify equitable tolling. But "mental incompetence is not a per se reason to toll a statute of limitations." Nara, 264 F.3d at 320. There must be more, and

---

[2] "A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

8

Petitioner has not shown more. Accordingly, his alleged mental incompetence does not provide a basis for equitable tolling.

And where a petitioner argues that his language difficulties should trigger equitable tolling, he must show that he is unable to read or understand English <u>and</u> that he was denied access to translation or legal assistance while in prison. <u>See</u> <u>Pabon</u>, 654 F.3d at 400. The relevant question is not "whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." <u>Id.</u> at 401.

Here, Petitioner makes no argument regarding the actions he took to protect his rights after he was imprisoned. Rather, he argues only that his inability to understand English led to the violation of his rights before and during his guilty plea and sentencing, which is irrelevant for the purposes of equitable tolling. Indeed, "<u>Pabon</u> does not apply when the Petitioner fails to explain the efforts he made to get AEDPA materials in his native language and does not indicate how prison officials denied him access to such materials." <u>Almazan v. Commonwealth of Pennsylvania</u>, 80 F. Supp. 3d 602, 607 (E.D. Pa. 2015) (Robreno, J.) (internal quotation marks omitted).[3]

---

[3] <u>See, e.g.</u>, <u>Cruz-Ventura v. United States</u>, No. 13-7230, 2014 WL 5023441, at *2 (E.D. Pa. Oct. 7, 2014) (there was "no indication that [Petitioner] lacked access to materials in Spanish or that he was denied language assistance," and he

9

Therefore, Petitioner has failed to show that his inability to understand English constituted extraordinary circumstances, such that equitable tolling should apply.

Moreover, even if Petitioner could show extraordinary circumstances, he must also demonstrate that he acted with "reasonable diligence" in bringing his claims. See, e.g., Pabon, 654 F.3d at 402 (finding that petitioner had been reasonably diligent where he had made "ten or more efforts" for assistance, "both before and after the AEDPA deadline"); Ortega v. Vaughn, No. 03-3693, 2004 WL 825309, at *6 (E.D. Pa. Apr. 15, 2004) (finding no reasonable diligence where petitioner filed a second untimely PCRA instead of a timely federal habeas petition);

---

"successfully met previous deadlines for direct appeals and for a PCRA petition"); Santana v. Thomas, No. 13-5407, 2014 WL 2696502, at *5 (E.D. Pa. June 13, 2014) (Petitioner did not "discuss any efforts he made to request AEDPA information or research materials written in Spanish" and did not indicate how prison officials or anyone else "thwarted his efforts to timely file" his habeas petition); Mohammed v. Gavin, No. 13-2669, 2013 WL 6485904, at *5 (E.D. Pa. Dec. 10, 2013) (the state court record did not indicate that "Petitioner ever required or even requested the aid of an interpreter or translator during his interactions with the police or the state courts," and Petitioner did not "discuss any efforts he made to request AEDPA information or research materials written in his native language"); Cruz-Hernandez v. Thomas, No. 11-2978, 2012 WL 2889664, at *7 (E.D. Pa. July 11, 2012) (Petitioner did not allege "that he requested and was denied access to translation or legal assistance" or that "his prison does not provide Spanish materials," and his "ability to write letters and file legal documents, even if by proxy, in English, foreclose[d] the argument that the language barrier, in isolation, prevented his filing in a timely manner").

Santana v. Thomas, No. 13-5407, 2014 WL 2696502, at *5 (E.D. Pa. June 13, 2014) (finding that no reasonable diligence existed where petitioner "did not assert any diligence on his part to file the instant Petition in a timely fashion").

In the present case, Petitioner fails to offer any evidence or even a bare claim that he was reasonably diligent in pursuing his rights. He filed a second PCRA petition 248 days after he would have needed to file a timely habeas petition, then waited yet another year and a half before ultimately filing his habeas petition. He offers no explanation or evidence of the work he did to attempt to pursue and/or protect his rights in the meantime, such as contacting prison officials for assistance.

Therefore, the Court finds that Petitioner has failed to establish that his petition should be subject to equitable tolling, and will deny his § 2254 petition as untimely.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking a Certificate of Appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of his constitutional rights. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**V. CONCLUSION**

For the foregoing reasons, the Court will approve and adopt Judge Rice's Report and Recommendation, overrule Petitioner's objections thereto, and deny the Petition for a Writ of Habeas Corpus without an evidentiary hearing or Certificate of Appealability.